

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

June 28, 1947

Hon. M. S. Kieke
County Attorney
Lee County
Giddings, Texas

Dear Sir:

Opinion No. V-274

Re: Effect of Acts 1947,
50th Leg., R.S., H.B.
300 on Art. 2883,
V.C.S., relative to
teacher's salary.

     We refer to your letter of recent date ac-knowledged by the Attorney General on June 9, 1947, wherein you request an opinion concerning the effect, if any, of Acts 1947, 50th Legislature, R. S., H. B. 300 (codified as Article 2891-1, V.C.S.) on Article 2883, V.C.S., relative to salaries of public school teachers.

     The specific situation and question sub-mitted reads as follows:

> "The Lincoln Common School District, in this county, has no local maintenance tax. Will the trustees be permitted to enter into a contract with a teacher hold-ing a permanent teacher's certificate, to pay him in excess of $150 per month for teaching?"

     Article 2883, V.C.S., enacted by Acts 1921, 37th Legislature, R.S., page 211, authorizes school trustees to determine the salary to be paid school tea-chers in their district and provides the maximum month-ly salaries which may be paid such teachers out of the Public Free School Fund by a district which does not levy and collect a local maintenance tax, the maximum salaries payable being dependent upon and to be deter-mined by the kind of teacher's certificate the teacher holds.

     Acts 1947, 50th Legislature, R.S., H.B. 300, Ch. 109, codified as Article 2891-1, V. C. S., in mand-atory language authorizes school districts maintaining

an accredited or affiliated school or seeking accreditation and affiliation to determine the salaries to be paid school teachers in their district, and provides a minimum annual salary of a beginning full-time teacher who holds a recognized bachelor's degree of not less than $2000 with increments above the minimum for additional college training, and for experience and efficiency based on a schedule provided in the State Equalization Law, which shall be paid by all district whether or not there is levied and collected a local maintenance tax in the district. Under Section 2 of H. B. 300, however, if the total revenue of a school district, as set out in the Act to be considered by the district providing a pay schedule for its teachers, is not sufficient to permit the payment of the minimum annual salary therein provided, then the district shall pay to its teachers the highest possible salaries with the revenue available for such purpose.

Section 4 of H. B. 300 provides: "Any law or parts of laws in conflict with the provisions of this Act are repealed in so far as such conflict is concerned . . ."

Sections 1 and 2 of H. B. 300 by its terms governs and controls school trustees in school districts maintaining an accredited or affiliated school, or seeking accreditation or affiliation, in the matter of minimum annual teacher's salaries which shall be paid by said district to its full-time beginning teachers who hold a recognized bachelor's degree. Thus, Article 2883 to the extent it provides for maximum monthly salaries of school teachers in such school districts to be determined by the kind of teacher's certificate they may hold is in direct conflict with the provisions of H. B. 300, and accordingly, is repealed by Section 4 thereof.

With respect, however, to teachers employed in schools which are not accredited or affiliated schools and which are not seeking accreditation or affiliation, we believe the provisions of Article 2883 are applicable and control the school trustees in the maximum salary payment which may be paid to the teachers thereof out of public school funds when the district does not levy and collect a local maintenance tax.

Referring now to your question, it is our opinion that the trustees of a school district, whether

or not it has a local maintenance tax, are governed by the provisions of H. B. 300, 50th Leg., in the payment of minimum salaries to its teachers, if the teacher holds a recognized bachelor's degree and is employed to teach in an accredited or affiliated school or one seeking accreditation or affiliation. If, however, the school in which such teacher is employed to teach is not accredited or affiliated, nor seeking accreditation or affiliation, or the teacher does not hold a recognized bachelor's degree, the maximum salary which may be paid to said teacher by a school district which has no local maintenance tax is governed by the provisions of Article 2883, V. C. S.

<u>SUMMARY</u>

The trustees of a school district, whether or not it has a local maintenance tax, are governed by the provisions of H.B. 300, 50th Leg., in the payment of minimum salaries to its teachers, if the teacher holds a recognized bachelor's degree and is employed to teach in an accredited or affiliated school or one seeking accreditation or affiliation. If, however, the school in which such teacher is employed is not accredited or affiliated, nor seeking accreditation or affiliation, or if the teacher does not hold a recognized bachelor's degree, the maximum salary which may be paid to said teacher by a school district which has no local maintenance tax is governed by the provisions of Art. 2883, V.C.S.

Very truly yours,

APPROVED:

ATTORNEY GENERAL OF TEXAS

*Price Daniel*

ATTORNEY GENERAL

By *Chester E. Ollison*

Chester E. Ollison
Assistant

CEO:djm:WB